Mr. Justice Douglas,
in his dissent (357 U. S. 113) has termed the decision in Carpenters’ Union v. Labor Bd. (supra) “ capricious ”, nevertheless, it is the law which I must follow.
The issue presented for arbitration is: “ Has the employer violated paragraph thirteenth of the collective bargaining agreement between the above named parties and if so, what ■should the remedy be ”1
In his opinion, Mr. Justice Frankfurter has expressly declined to declare the hot cargo clause invalid per se and ■states (357 U. S. 108): “It does not necessarily follow from the fact that the unions cannot invoke the contractual provision in the manner in which they sought to do so in the present oases that it may not, in some totally different context not now before the Court, still have legal radiations affecting the relations between the parties.”
The question submitted for arbitration is broadly phrased. True, respondent states in its memorandum: ‘1 For in said Carpenters case (supra), the method used by the union to implement its appropriate ‘ non-handling clause ’ was through the inducement and encouragement of employees. It was that method which the Supreme Court found constituted an unfair labor practice. In fact the Court clearly pointed out that the union had the right to enforce such clause through the use of other methods, and, I submit, one of such methods is through the medium of arbitration, a perfect legal and contractual right.” (pp. 11, 12; emphasis mine).
Insofar as respondent seeks an award in arbitration in the nature of a mandatory injunction (respondent’s memorandum, pp. 19, 20) directing petitioner to engage in a secondary boycott, I am of the opinion that this would violate the determination in Carpenters’ Union v. Labor Bd. (supra) and I hold, therefore, that such an issue may not be arbitrated and the motion is granted for a stay to this extent.
In view, however, of the quoted language of Mr. Justice Frankfurter and the broad question submitted I am not prepared to totally stay arbitration in this instance. There onlay be other legal rights “radiating” from the agreement between the parties to be resolved which are not now apparent and which this court should not foreclose summarily. An award will be subject to confirmation and, hence, a review in the light of the decision in Carpenters’ Union v. Labor Bd. (supra).
Settle order accordingly.